**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JORGE LINARES,**

                      **Plaintiff,**                **9:05-CV-625
                                                                    (GLS/RFT)**

                      **v.**

**DAVID MAHUNIK, JOHN BURGE, and
KENNETH McLAUGHLIN,**

                      **Defendants.**
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JORGE LINARES
Plaintiff, *Pro Se*
96-A-3483
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, New York 13669

**FOR THE DEFENDANTS:**

HON. ANDREW CUOMO          MARIA MORAN
New York Attorney General       Assistant Attorney General
Syracuse Office
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**Gary L. Sharpe
U.S. District Judge**

**MEMORANDUM-DECISION AND ORDER**

After Jorge Linares filed a § 1983 action alleging violations of his First Amendment rights,[1] *see Dkt. No. 9; see also* 42 U.S.C. § 1983, his complaint was referred to Magistrate Judge Randolph F. Treece for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G). Subsequently, Judge Treece issued a report recommending that defendants' motion to dismiss be granted in part and denied in part. *See Report-Recommendation ("R&R"), Dkt. No. 28.*[2]

Broadly construing Linares' complaint, Judge Treece concluded the following: (1) the Eleventh Amendment bars Linares' claim for damages against the defendants in their official capacities; (2) the cancellation of choir practice one time did not create a substantial burden on Linares' right to freely exercise his religion; (3) the denial of access to the law library on one occasion also did not constitute a constitutional violation since Linares

---

[1] Linares chiefly asserts that he was prevented from practicing his religion and also barred access to the law library in violation of his First Amendment rights. Based on these assertions, he also claims that the defendants retaliated against him for filing grievances and failed to investigate his claims. *See Dkt No. 9.*

[2] The Clerk is directed to append Judge Treece's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 28.*

2

has not shown any resulting prejudice; (4) the temporal proximity between Linares' grievances and the adverse action taken against him by defendant Mahunik could infer an improper retaliatory motive; (5) defendant Burge, Mahunik's supervisor, may also be found liable for failing to address Mahunik's alleged treatment of Linares; and (6) there is no constitutional right to have a grievance investigated.

Linares has now filed timely objections to Judge Treece's report. *See Dkt. No. 30.* Linares' two specific objections will be reviewed under a *de novo* standard. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirety.

Linares' first specific objection challenges Judge Treece's conclusion that the one-time cancellation of a callout to attend choir practice did not violate his right to freely exercise his religion. He specifically argues that the frequency of the violation is unimportant since his ability to practice his religion was impeded in retaliation for his grievances filed against Mahunik. As noted by Judge Treece, while a prisoner does have a constitutional right to the free exercise of his religion, "the prisoner must show at the threshold

3

that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (citation omitted); *see also Shakur v. Selsky*, 391 F.3d 106 (2d Cir. 2004) (denial of a single religious meal is a *de minimis* burden on free exercise of religion). Here, the amended complaint is devoid of allegations that show a substantial burden placed on Linares' right to the free exercise of his religion. Inability to attend one choir practice, like the inability to participate in a single religious meal, does not rise to the level of a constitutional violation. Moreover, Linares' retaliation claims were separately addressed by Judge Treece and do not need to be discussed further here. Accordingly, following a *de novo* review, Linares' objection is without merit, and his First Amendment claim is dismissed.

    Linares also makes a specific objection to Judge Treece's conclusion that he did not have a right to an investigation of his grievances. More specifically, he argues that since defendant McLaughlin (as the Inspector General of DOCS) became aware of his grievances and did not investigate them further, his conduct constituted deliberate indifference. In support, Linares cites *Johnson v. Wright*, 234 F. Supp. 2d 352, 359 (S.D.N.Y. 2002) and *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). However, these

4

cases are distinguishable on two grounds.  First, *Johnson* is an Eighth Amendment case addressing deliberate indifference to a serious medical need and is inapplicable here.  Likewise, *Colon* discusses the supervisory liability standard.  However, since McLaughlin is not a supervisor, this standard also does not apply.  As stated by Judge Treece and conceded by Linares, a prisoner does not have an absolute constitutional right to an investigation.  *See Faison v. Hash*, 03-CV-6475, 2004 WL 944523, at *2 (W.D.N.Y. Apr. 23, 2004).  Accordingly, defendant McLaughlin's failure to further investigate Linares' grievances does not equate to either deliberate indifference or liability as a supervisor.  Following a *de novo* review, Linares' objection is without merit, and the court adopts the report and recommendation in its entirety.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Judge Treece's August 10, 2006 Report-Recommendation (**Dkt. No. 28**) is accepted and adopted in its entirety; and it is further

**ORDERED** that defendants' motion to dismiss (**Dkt. No. 22**) is **GRANTED IN PART** and **DENIED IN PART** in accordance with the following:

5

1. Defendants' request for dismissal pursuant to Federal Rules of Civil Procedure 8 and 10 is **DENIED**.

2. All claims against the defendants in their official capacities are **DISMISSED.**

3. Plaintiff's First Amendment claim based upon free exercise is **DISMISSED.**

4. Plaintiff's First Amendment claim based upon access to the law library is **DISMISSED.**

5. Plaintiff's First Amendment claims against Defendant Mahunik based on retaliation remain intact.

6. Plaintiff's supervisory liability claim relating to the retaliation claims against Defendant Burge remains intact; however, Plaintiff's supervisory claim against Defendant Burge for access to the law library is **DISMISSED.**

7. Plaintiff's failure to investigate claim against McLaughlin is **DISMISSED**; and it is further

**ORDERED** that defendants Mahunik and Burge shall submit an answer to the Amended Complaint within twenty (20) days of this Order; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

April 30, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge