UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JORGE LINARES,

                              Plaintiff,

   -v.-

                                                       9:05-CV-0625

DAVID MAHUNIK; JOHN BURGE,                    (GLS)(RFT)

                                              Defendants.

APPEARANCES:                                       OF COUNSEL:

JORGE LINARES
Plaintiff, *Pro se*
96-A-3483
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ANDREW M. CUOMO                   HEATHER R. RUBINSTEIN, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

RANDOLPH F. TREECE
United States Magistrate Judge

## **MEMORANDUM DECISION and ORDER**

### **I. BACKGROUND**

       Plaintiff Jorge Linares commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 alleging deprivation of his civil rights. Dkt. No. 1. Plaintiff thereafter filed an Amended Complaint. Dkt. No. 9. Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. Dkt. No. 22. By Report and Recommendation, this Court recommended that Defendants' Motion to Dismiss be granted in part and denied in part. Dkt. No. 28. The Honorable Gary L. Sharpe, United States District Court Judge, adopted the Report and Recommendation in its entirety by Memorandum-

Decision and Order filed on April 30, 2007. Dkt. No. 35. The following claims against Defendants Mahunik and Burge survived the Motion to Dismiss: (1) Plaintiff's First Amendment claims against Defendant Mahunik based on retaliation, and (2) Plaintiff's supervisory liability claim against Defendant Burge relating to the retaliation claims.[1] Dkt. No. 35 at p. 6.

Currently before the Court is Plaintiff's Motion to Compel Discovery. Dkt. No. 52. Defendants filed a Response in Opposition to the Motion. Dkt. No. 55. Plaintiff has submitted a Reply to Defendants' Opposition. Dkt. No. 56. Plaintiff's Motion relates to his First Request for Interrogatories and Request for Production, both dated August 4, 2007. Dkt. No. 52, Exs. A & B. Defendants responded to the requests on December 3, 2007. *See id*., Exs. C & D. Thereafter Plaintiff filed the present Motion to Compel, seeking (1) responses to Interrogatories #5, #6, #8, & #9; (2) a copy of Defendant Mahunik's personnel file, including his disciplinary file; and (3) a copy of the Department of Corrections Employee's Manual. Dkt. No. 52, Jorge L. Linares Affirm., dated Mar. 26, 2008, at p. 1. Because the Defendants have responded to Plaintiff's discovery demands, the Court will only address the adequacy of the responses they provided.

## II. DISCUSSION

### A. Interrogatories

#### 1. Interrogatory #5

Interrogatory #5 asked: "Did the defendant Mahunik at any time prior to and including the date of April 17, 2005, receive confidential information in regard[s] to plaintiff? If yes, state the date, the substance of the information received and the name and location of the individual on those dates." Dkt. No. 52, Ex. A, at ¶ 5. Defendant responded in part, indicating that he had received information "that

---

[1] Plaintiff's claims against Defendants in their official capacities and the remaining claims against Mahunik and Burge were dismissed, as was Plaintiff's only claim against Defendant McLaughlin. Dkt. No. 35 at p. 6.

plaintiff's cell had a shank in it." Dkt. No. 52, Ex C, at ¶ 5. Defendants objected to providing Plaintiff with the identity of the confidential informant "on the grounds that it is privileged and confidential under, *inter alia*, informant's privilege," it would "constitute an unwarranted invasion of privacy and could risk the safety of the informant," and disclosure could jeopardize safety and security of the facility. *Id.*

The safety and security of the facility and the confidential informant outweighs Plaintiff's need for the requested information at this time. *See Bass v. Grottoli*, 1996 WL 455016, at *4 (S.D.N.Y. Aug. 12, 1996) (noting the court's dual interests of protecting prisoners from other inmates as well as shielding from inmates information which may implicate prison security). This portion of Plaintiff's Motion is **denied**.

### 2. Interrogatory #6

Interrogatory #6 asked: "Did the defendant Mahunik at any time while the plaintiff was housed at Auburn plaintiff access [sic] to the law library and/or the chapel areas? If yes, state the dates and times for each incident." Dkt. No. 52, Ex. C at ¶ 6. Defendants object to the request as "unintelligible, vague and ambiguous." *Id.* It is clear that Plaintiff omitted the word "deny" from his request and that he intended to ask Defendant Mahunik if he ever denied Plaintiff access to the law library or chapel areas. While Plaintiff's First Amendment free exercise and access to the law library claims were dismissed, this information may be relevant to Plaintiff's claims that Defendant Mahunik took retaliatory action against Plaintiff. Defendants are therefore directed to, **within thirty (30) days** of the filing date of this Order, respond to Interrogatory #6 as clarified by the Court.

### 3. Interrogatory #8

3

Interrogatory #8 reads as follows:

Since the defendant Burge was the superintendent at Auburn, was he aware if at any time before or after the date of April 17, 2005, was the defendant Mahunik, reprimanded, counseled or otherwise told to cease and desist from harassing plaintiff? If yes, state the dates of such incidents and state the name of the supervisor that spoke to him."

Dkt. No. 52, Ex. C, at ¶ 8.

Defendants object claiming the request is not relevant, not likely to lead to the discovery of admissible evidence, and seeking information protected by New York Civil Rights Law § 50-a. *Id*. Defendants also contend that release of the information "would violate the personal privacy of the defendant and could jeopardize the safety and security of the facility and the defendant." *Id.*

The information requested is certainly relevant to Plaintiff's supervisory liability claim against Burge relating to Defendant Mahunik's alleged retaliation against Plaintiff. With respect to Defendants objections of privilege and prison security, defendants have made no showing that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1998). Absent such a showing, and since "state laws of privilege do not govern discovery in federal cases," *see Melendez v. Greiner*, 2003 WL 22434101, at *5 (S.D.N.Y. Oct. 23, 2003), the Defendants' assertions are without weight.

Defendants' objections are overruled. Accordingly, the Court directs Defendant Burge to, **within thirty (30) days** of the filing date of this Order, respond to Interrogatory #8.

### 4.  Interrogatory #9

Interrogatory #9 seeks information concerning grievances and complaints received by Defendant Burge and written against Defendant Mahunik "for misconduct within the two years prior to April 17, 2005, and until plaintiff was transferred from Auburn." Plaintiff also asks for the date of each complaint, the type of complaint, who investigated it, and the results of the investigation. Dkt.

4

No. 52, Ex. C, at ¶ 9. Defendants object claiming the request is not relevant, not likely to lead to the discovery of admissible evidence, overly broad, and seeking information protected by New York Civil Rights Law § 50-a. *Id*. Defendants also contend that release of the information "could jeopardize the safety and security of the facility and the defendant" and that the request "is unduly burdensome as such records are not kept in a readily retrievable manner." *Id.*

Past complaints against Defendant Mahunik regarding retaliation could be used by Plaintiff to attack Defendant Mahunik's credibility or to impeach his testimony or to demonstrate that a supervisory defendant had notice of his alleged past actions. As stated in *Melendez v. Greiner*, 2003 WL 22434101, at *3:

> [T]o the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to the Melendez's claims, and such documents are therefore discoverable. *See*, *e.g*, *Cox v. McCleelan*, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (permitting discovery of prior similar complaints against defendants); *Malsh v. New York City Police Dep't*, No. 92 Civ. 2973, 1995 U.S. Dist. LEXIS 4663, at *1-2 (S.D.N.Y. Ap[r]. 11, 1995) (discovery of prior complaints and disciplinary actions against defendants was relevant to show "pattern, intent, absence of mistake, etc.") (quoting *Ismail v. Cohen*; 899 F.2d 183, 188 (2d Cir. 1990)); *Hurley v. Keenan*, No. 79 Civ. 4772, 1984 U.S. Dist. LEXIS 16888 (S.D.N.Y. May 8, 1984) (permitting discovery of prior similar administrative, civil, and criminal actions as relevant and potentially admissible to demonstrate defendants' intent and credibility and supervisory knowledge of misconduct).

With respect to Defendants' objections of privilege and prison security, Defendants have made no showing that there are "specific harms likely to accrue from disclosure of specific materials." *King v. Conde*, 121 F.R.D. at 189. Absent such a showing, and since "state laws of privilege do not govern discovery in federal cases," *see Melendez v. Greiner*, 2003 WL 22434101, at *5, Defendants' assertions are without weight.

Moreover, a party objecting to the disclosure of certain evidence bears the burden of

establishing "precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the Federal Rules of Civil Procedure." *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, 2003 WL 22434101, at *1. A "[c]onclusory assertion of burdensomeness is entitled to no weight whatsoever." *Jackson v. Edwards*, 2000 WL 782947, at *8 (S.D.N.Y. June 16, 2000).

Defendants merely assert, in conclusory fashion, that complying with the demands would be unduly burdensome, given the manner in which grievances and complaints are filed. Defendants have offered no tangible evidence or testimony which would explain the process required to obtain such records, the amount of time and cost that would be expended in compiling such records, or any other information to establish that their production would indeed be overly onerous when weighed against Plaintiff's need for the information. Plaintiff, on the other hand, had asserted a legitimate need for the documents requested. Moreover, we find that this Interrogatory, to the extent it pertains to complaints of retaliation, is narrowly tailored and thus not burdensome.

All of Defendants' objections are overruled. Accordingly, the Court directs Defendant Burge to, **within thirty (30) days** of the filing date of this Order, respond to Interrogatory #9, as clarified by the Court.

### B. Requests for production

1. Request #1

Plaintiff seeks "[a]ny and all complaint[s] and/or grievances filed by inmates against Mahunik by inmates or staff, within the last two years." Dkt. No. 52, Ex. D, at ¶ 1. Defendants object to the request as vague, ambiguous, and overly broad; not relevant to plaintiff's claims or likely to lead to the

6

discovery of admissible evidence; and too burdensome to produce. *Id*. For reasons discussed previously in this order, Defendants' conclusory objections are overruled and Defendants are directed to respond to the request for production, as limited by the Court. Defendants shall **within thirty (30) days** of the filing date of this Order produce copies of any complaints or grievances filed by inmates against Mahunik within the last two years alleging that Defendant Mahunik **retaliated against an inmate.**

2. Request #3

Plaintiff asks for a copy of the New York State Department of Correctional Services Employee's Handbook and Manual. Dkt. No. 52, Ex. D, at ¶ 3. Defendants object to the request as "unduly vague, unduly burdensome and overly broad" and not relevant. *Id*. In response to the Motion, Defendants also argue that since "it appears from plaintiff's motion that he has relevant portions of the Handbook already in his possession," Defendants need not produce it. Dkt. No. 55 at 3. Plaintiff says he only has "some minor portions" of the Handbook. Dkt. No. 56 at 2. Considering the cost of copying the entire Employee Handbook, Plaintiff is directed to identify for Defendants which additional sections of the Employee Handbook he believes to be relevant to his claims, and Defendants are directed to respond to any such specific request **within thirty (30) days** of receipt of the same.

3. Request #11

Plaintiff seeks copies of any letters of reprimand contained in Defendant Mahunik's personnel file. Dkt. No. 52, Ex. D, at ¶ 11. The Court agrees with Defendants' objections that this request is overbroad and not likely to lead to the discovery or admissible evidence. This aspect of Plaintiff's Motion is **denied**.

**WHEREFORE**, it is hereby

7

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 52) is **GRANTED** in part and **DENIED** in part, as set forth and limited above. Defendants must serve supplemental responses and/or produce required documents **within THIRTY (30) DAYS** of the filing date of this Order, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:   July 7, 2008

　　　　Albany, N.Y.

_____
RANDOLPH F. TREECE
United States Magistrate Judge