UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JORGE L. LINARES,

                          Plaintiff,

                                                        9:05-CV-0625
v.                                                      (GTS/RFT)

DAVID MAHUNIK, Corr. Officer, Auburn C.F.; and
JOHN BURGE, Superintendent, Auburn C.F.,

                          Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

JORGE L. LINARES, 96-A-3483
   Plaintiff, *Pro Se*
Cape Vincent Correctional Facility
Route 12E
Box 599
Cape Vincent, New York 13618

HON. ANDREW M. CUOMO                            HEATHER RUBINSTEIN, ESQ.
   Attorney General for the State of New York   Assistant Attorney General
   Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court in this *pro se* prisoner civil rights action filed by Jorge L.

Linares ("Plaintiff") against two employees of the New York State Department of Correctional

Services ("Defendants"), pursuant to 42 U.S.C. § 1983, are (1) Defendants' motion for summary

judgment pursuant to Fed. R. Civ. P. 56 (Dkt. No. 70), (2) United States Magistrate Judge

Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be

granted in part and denied in part (Dkt. No. 76), and (3) Plaintiff's Objections to the Report-

Recommendation. (Dkt. No. 78.)  For the following reasons, Plaintiff's Objections are rejected; the Report-Recommendation is accepted and adopted in its entirety; and Defendants' motion for summary judgment is granted in part and denied in part.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Claims

On May 23, 2005, Plaintiff filed his Complaint in this action.  (Dkt. No. 1.)  On August 10, 2005, Plaintiff filed an Amended Complaint in this action, alleging that his constitutional rights were violated by three individuals: (1) David Mahunik, a correctional officer at Auburn Correctional Facility; (2) John Burge, the superintendent of Auburn Correctional Facility; and (3) Kenneth McLaughlin, the director of operations of the New York State Inspector General's Office.  (Dkt. No. 9.)  On April 30, 2007, District Judge Gary L. Sharpe dismissed various of Plaintiff's claims, including all claims against Kenneth McLaughlin.  (Dkt. No. 35.)  Remaining in the action, after Judge Sharpe's Decision and Order, were only certain of Plaintiff's claims against David Mahunik and  John Burge ("Defendants").  (*Id.*)

More specifically, currently pending before the Court are Plaintiff's claims that Defendants violated his First Amendment rights by retaliating against him after he filed two prison grievance complaints.  (Dkt. No. 9.)  Specifically, liberally construed, Plaintiff's Amended Complaint alleges as follows: (1) Defendant Mahunik retaliated against Plaintiff by filing a false misbehavior report against him on April 17, 2005, in response to Plaintiff's having authored a grievance against Defendant Mahunik on that date (alleging that Defendant Mahunik prevented Plaintiff from going to the media center on April 16, 2007, prevented Plaintiff from going to the law library on April 17, 2007, and planted a shank in Plaintiff's cell on April 17, 2005); (2) Defendant Mahunik retaliated against Plaintiff by threatening to plant a shank in his cell on April

27, 2005, in response to Plaintiff's litigating his previously mentioned grievance against Defendant Mahunik (which necessitated Mahunik's appearance at a hearing on April 27, 2005); and (3) Defendant Mahunik retaliated against Plaintiff by threatening to cause Plaintiff "dire consequences" on May 3, 2005, in response to Plaintiff's having filed a second grievance against Defendant Mahunik on April 17, 2005 (alleging that Defendant Mahunik threatened him on that date). (*Id*.) In addition, Plaintiff asserts a supervisory liability claim against Defendant Burge for denying Plaintiff's grievances regarding Defendant Mahunik, and for failing to remedy the situation after learning about it. (*Id*.)

**B.     Parties' Arguments on Defendants' Motion**

On January 15, 2009, Defendants filed a motion for summary judgment. (Dkt. No. 70.) In their motion, Defendants argue that (1) Plaintiff has failed to adduce any admissible record evidence establishing a First Amendment claim against Defendants for retaliation, and (2) Plaintiff failed to exhaust his available administrative remedies prior to filing this action in federal court. (Dkt. No. 70, Part 5.) The Court notes that, although some of Defendants' first argument is cast in terms suggesting they are attacking the pleading sufficiency of Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the bulk of Defendants' first argument makes clear that they are actually attacking the evidentiary sufficiency of Plaintiff's claims under Fed. R. Civ. P. 56. (*See*, *e.g.*, Dkt. No. 70, Part 5, at 5 [relying on record evidence to support Defendants' argument].)

On March 27, 2009, Plaintiff submitted his response to Defendants' motion. (Dkt. No. 71.) In his response, Plaintiff argues that (1) Defendants are barred from asserting that he has failed to state a claim under the doctrine of *res judicata*, (2) he has cognizable claims against Defendants, and (3) he did exhaust his available administrative remedies before filing this action in federal court. (Dkt. No. 71, Part 2.)

3

C.     **Magistrate Judge Treece's Report-Recommendation**

On July 16, 2009, Magistrate Judge Treece issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 76.) More specifically, Magistrate Judge Treece recommends as follows:

(1) that Defendants' motion be *granted* to the extent it requests the dismissal of Plaintiff's claims against Defendants arising out of the alleged threat on May 3, 2005, on the ground that Plaintiff failed to exhaust his available administrative remedies (*id*. at 8);

(2) that Defendants' motion be *denied* to the extent that it requests the dismissal of Plaintiff's claims against Defendants arising out of the incidents and threat on April 17, 2005, and April 27, 2005, on the (asserted) ground that Plaintiff failed to exhaust his available administrative remedies (*id*. at 9);

(3) that Defendants' motion be *granted* to the extent it requests the dismissal of Plaintiff's claims against Defendants arising out of the planting of a shank in Plaintiff's cell on April 17, 2005, and the issuance of the false misbehavior report on April 17, 2005, on the ground that no admissible record evidence exists establishing a causal link between any protected activity and the adverse action in question (*id*. at 11-12); and

(4) that Defendants' motion be *denied* to the extent it requests the dismissal of Plaintiff's claims against Defendants arising out of the making of a threat to Plaintiff on April 27, 2005, on the (asserted) ground that no admissible record evidence exists establishing a causal link between any protected activity and the adverse action in question (*id*. at 12-14).

The net effect of these recommendations is that the only claims remaining in this action would be (1) Plaintiff's claim that Defendant Mahunik retaliated against Plaintiff by threatening to plant a shank in his cell on April 27, 2005, in response to Plaintiff's litigating his previously

4

mentioned grievance against Defendant Mahunik (which necessitated Mahunik's appearance at a hearing on April 27, 2005), and (2) Plaintiff's supervisory liability claim against Defendant Burge for denying Plaintiff's grievances regarding Defendant Mahunik, and for failing to remedy the situation after learning about it.  (*Id*.)  The reason the latter claim would survive, notes Magistrate Judge Treece, is that Defendants do not address the merits of Plaintiff's supervisory liability claim against Defendant Burge.  (*Id*. at 14, n. 7.)

> ### D.      Plaintiff's Objections

On September 4, 2009, after being granted an extension of time by the Court in which to do so, Plaintiff timely filed Objections to the Report-Recommendation.  (Dkt. No. 78.)  Generally, in his Objections, Plaintiff asserts three arguments: (1) Defendants' argument that he failed to exhaust his administrative remedies with regard to various of his retaliation claims is barred by the doctrine of *res judicata*, and in any event is without merit; (2) even if these claims may be deemed to not have been properly exhausted, his failure to exhaust should be excused under the circumstances, because he was asked by Deacon Tomandle not to file a formal complaint regarding those claims; and (3) the incident of May 3, 2005, "was a continuing cause of harassment stemming from the April 18, 2005 incident . . . and therefore . . . another formal complaint [did not need] to be filed."  (*Id*.)

## II.     APPLICABLE LEGAL STANDARDS

> ### A.      Standard of Review of Magistrate Judge Treece's Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1]  When

only general objections are made to a magistrate judge's report-recommendation, the Court

reviews the report-recommendation for clear error or manifest injustice.  *See Brown v. Peters*,

95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases],

*aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no objection

to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest

injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995)

(Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983

Addition [citations omitted].  After conducing the appropriate review, the Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1)(C).

**B.**     **Standard Governing Motion for Summary Judgment**

Magistrate Judge Treece correctly recited the legal standard governing a motion for

summary judgment. (Dkt. No. 76, at 3-4.)  As a result, these standards are incorporated by

---

[1]     On *de novo* review, "[t]he judge may . . . receive further evidence . . . ." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]     *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

reference in this Decision and Order.

## III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge

Treece's Report-Recommendation, and Plaintiff's Objections thereto, the Court concludes that the

Report-Recommendation is thorough, well-reasoned and correct.  As a result, Magistrate Judge

Treece's Report-Recommendation is accepted and adopted in its entirety.  The Court would only

add a few points regarding Plaintiff's exhaustion argument in his Objections.

Liberally construed, Plaintiff's Objections argue that his failure to exhaust his available

administrative remedies with regard to his claims against Defendants arising out of the alleged

threat on May 3, 2005, falls within the "special circumstances" exception of the three-part test

articulated by the Second Circuit in *Hemphill v. New York*, 380 F.3d 680 (2d Cir. 2004).   More

specifically, Plaintiff argues that (1) the chaplain asked him not to file a grievance, and/or (2) a

grievance was unnecessary because the April and May incidents were all related.

With regard to the first argument, no record evidence existed before Magistrate Judge

Treece suggesting that Plaintiff actually relied on such a request based on a reasonable

misunderstanding that such reliance satisfied the exhaustion requirement, nor did any record

evidence exist that Plaintiff could not have filed a grievance after his efforts to informally resolve

the problem had failed.[3]  Therefore, even assuming the truth of the request by a chaplain,

---

[3]        *Cf. Jones v. Fischer*, 07-CV-7589, 2008 WL 3174510, at *4 (S.D.N.Y. Aug 7,
2008) ("Plaintiff's decision to withdraw his grievance regarding his single cell request because
defendant Stone told him he would receive one at a later date is not sufficient to overcome
defendants' failure to exhaust defense.  State officials have been estopped from asserting a failure
to exhaust defense where they have prevented prisoners from filing grievances by using
violence, threats or the denial of means with which to file grievances, not where they have
convinced plaintiffs not to file grievances by agreeing to grant their requests."); *Thomas v. New
York State Dept. of Correctional Services*, 00-CV-7163, 2003 WL 22671540, at *2-3 (S.D.N.Y.

Plaintiff's decision not to file a grievance based on that does not excuse his failure to exhaust.

With regard to the second argument, Plaintiff is incorrect that a grievance was unnecessary because the April and May incidents were all related.  As an initial matter, the Court finds that the incidents bore little relation in that, unlike the previous forms of retaliation, the retaliation that (allegedly) occurred on May 3, 2005, involved a threat that was new (i.e., "dire consequences"), and that was in response to a new event (i.e., the filing of Plaintiff's second grievance).  In any event, even if the Court found that the events were related, such a finding would not relieve Plaintiff of the burden to grieve the incident on May 3, 2005.  Because Plaintiff did not file a grievance regarding the incident on May 3, 2005, prison officials were not made sufficiently aware of the incident such that they had an adequate opportunity to take responsive measures regarding the incident prior to Plaintiff bringing the matter to federal court–which is the purpose of the exhaustion requirement under the Prison Litigation Reform Act.  Finally, there was no record evidence before Magistrate Judge Treece that Plaintiff was laboring under any sort of reasonable misunderstanding about whether he had to grieve the incident on May 3, 2005.  To the contrary, the fact that he knew enough to grieve two separate grievances regarding the allegedly "related" actions that occurred on April 17, 2005, and April 27, 2005, indicates he knew of his duty to file a grievance regarding the incident on May 3, 2005.

---

Nov. 10, 2003) (finding that inmate did not make a "reasonable attempt" to exhaust his administrative remedies, as required by the PLRA, even if he was advised by two prison officers that he did not need to file a grievance over working conditions because there was no evidence that he was told that he could not file a grievance, and there was no evidence that he persisted in his request for a pass to file a grievance after being advised that a grievance by him was unnecessary).

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 70) is **GRANTED in part** and **DENIED in part**, such that all of Plaintiff's claims are **DISMISSED except** for the following two claims:

(1) Plaintiff's First Amendment claim that Defendant Mahunik retaliated against Plaintiff by threatening to plant a shank in his cell on April 27, 2005, in response to Plaintiff's litigating his previously mentioned grievance against Defendant Mahunik (which necessitated Mahunik's appearance at a hearing on April 27, 2005), and

(2) Plaintiff's supervisory liability claim against Defendant Burge for denying Plaintiff's grievances regarding Defendant Mahunik, and for failing to remedy the situation after learning about it.

Dated: September 29, 2009
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge